1  RACHEL E. KAUFMAN (Cal. Bar No. 259353)
2  KAUFMAN P.A.
   237 South Dixie Highway, 4th Floor
3  Coral Gables, FL 33133
4  Telephone: (305) 469-5881
   rachel@kaufmanpa.com
5  *Attorney for Plaintiff and Putative Class*

6

7              **UNITED STATES DISTRICT COURT**
           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
8

9   THOMAS MCDOUGALL, individually    | Case No.
    and on behalf of all others similarly |
10  situated,                          | **CLASS ACTION COMPLAINT**
11                                     |
                  *Plaintiff,*          | **DEMAND FOR JURY TRIAL**
12                                     |
13  *v.*                               |
14  THE HARTFORD GOLD GROUP,           |
    LLC,                               |
15                                     |
16                  *Defendant.*        |
17

18              <u>**CLASS ACTION COMPLAINT**</u>

19
20    Plaintiff Thomas McDougall (hereinafter referred to as "Plaintiff"), individually

21  and on behalf of all others similarly situated, allege on personal knowledge,

22  investigation of his counsel, and on information and belief, as follows:

23
24
25
26
27
28

## NATURE OF ACTION

1.       This case involves a campaign by The Hartford Gold Group, LLC ("Hartford Gold") to market its services through telemarketing calls by contacting numbers on the National Do Not Call Registry in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA").

2.       The recipients of Hartford Gold's illegal calls and text messages, which include Plaintiff and the proposed class, are entitled to damages under the TCPA, and because the technology used by Hartford Gold makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

3.       Plaintiff Thomas McDougall is an individual located in Florida.

4.       Defendant Hartford Gold is a California limited liability company located that makes telemarketing calls from this District.

## JURISDICTION AND VENUE

5.       This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq.*

6.       This Court has general jurisdiction over Hartford Gold because the company is located in this District.

7.      Venue is proper pursuant to 28 U.S.C. § 1391 because the telephone calls at issue were sent from this District.

## **TCPA BACKGROUND**

The National Do Not Call Registry

8.      The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. See 47 U.S.C. § 227(c)(5).

9.      The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

10.     A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

## **FACTUAL ALLEGATIONS**

11.     Defendant Hartford Gold is a "person" as the term is defined by 47 U.S.C. § 153(39).

12.     Plaintiff's telephone number, 352-470-XXXX, is used for residential purposes and is used for personal purposes.

13.     That number is not associated with a business.

14.     The Plaintiff registered his number on the National Do Not Call Registry in June of 2022.

15.     Despite this, the Plaintiff received telemarketing text messages from Hartford Gold as part of its solicitation campaign, all of which were received more than 30 days after he registered on the National Do Not Call Registry.

16.     The text messages were sent from the SMS code 65532.

17.     That SMS Code is registered to "HGG Gold Alert".

18.     That is believed to be the Defendant.

19.     For the aforementioned reasons, the message the Plaintiff received was sent using automated means. This is especially so because it bears indicia that it was created from a generic, scripted message.

      

11/3/2022, 1:28 PM

Conversation with 65532

 Thomas, call me. 401(k) & IRAs drop after yesterday's big Fed announcement. Protect your accounts BEFORE Nov 10th. Call: <u>866-480-7134</u> txt stop to end



12/9/2022, 1:37 PM

 401(k) and IRAs may be devastated by Fed's next rate hike. Protect your accounts BEFORE Dec. 14th. Call:

Send message 





by Fed's next rate hike. Protect your accounts BEFORE Dec. 14th. Call: 866-480-7134 txt stop to end

Jan 19, 3:59 PM

Hi Thomas, call me. Lets make sure your finances are protected. World Bank warns of global recession. You can reach me at 866-301-0526 or reply stop to end

1 hour ago, 1:08 PM

Hi Thomas, call me. We need to look





Hi Thomas, call me. Lets make sure your finances are protected. World Bank warns of global recession. You can reach me at 866-301-0526 or reply stop to end

1 hour ago, 1:08 PM

Hi Thomas, call me. We need to look at your accounts today. Markets are crashing ahead of March 14th deadline. Call me at 855-230-0172 or txt STOP to end

STOP    Okay

Send message



12/9/2022, 1:37 PM

401(k) and IRAs may be devastated by Fed's next rate hike. Protect your accounts BEFORE Dec. 14th. Call: 866-480-7134 txt stop to end

Jan 19, 3:59 PM



Hi Thomas, call me. Lets make sure your finances are protected. World Bank warns of global recession. You can reach me at 866-301-0526 or reply stop to end

Send message

20.    The calls were not necessitated by an emergency.

21.    Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed.  Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

22.    Plaintiff bring this action on behalf of themselves and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

**Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

23.    Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

24.    Plaintiff brings all claims in this action individually and on behalf of

Class Members against Defendant.

**Numerosity**

25.    Members of the Class are so numerous that their individual joinder is

impracticable.

26.    On information and belief, based on the technology used to call

Plaintiff, which is used to make calls *en masse*, Members of the Class number in the

thousands.

27.    The precise number of Class Members and their identities are unknown

to Plaintiff at this time but may be determined through discovery.

28.    Class Members may be notified of the pendency of this action by mail

and/or publication through the distribution records of Defendant.

**Commonality**

29.    Common questions of law and fact exist as to all Class Members and

predominate over questions affecting only individual Class Members.

30.    Common legal and factual questions include, but are not limited to,

whether Defendant have violated the Telephone Consumer Protection Act and

whether Class Members are entitled to actual and/or statutory damages for the

aforementioned violations.

**Typicality**

31.    The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendant without giving them his consent to receive such calls.

**Adequacy of Representation**

32.    Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class Members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.

33.    The interests of Class Members will be fairly and adequately protected by Plaintiff and his counsel.

**Superiority**

34.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

35.    Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

36.    Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system.  This strain on the parties and the

judicial system would be heightened in this case, given the complex legal and factual issues at play.

37.    Individualized litigation also presents a potential for inconsistent or contradictory judgments.

38.    In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

39.    Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

40.    Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 40 as if fully set forth herein.

41.    The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

42.    The Defendant's violations were negligent, willful, or knowing.

43.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

44.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry in the future;

B.     That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff are a proper representative of the Class,

and appointing the lawyers and law firms representing Plaintiff as counsel for the

Class; and

        D.      Such other relief as the Court deems just and proper.

## **JURY DEMAND**

    Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: May 22, 2023         PLAINTIFF, individually and on behalf of all others similarly situated,

                         By: */s/ Rachel E. Kaufman*
                         Rachel E. Kaufman (Cal Bar No. 259353)
                         rachel@kaufmanpa.com
                         KAUFMAN P.A.
                         237 South Dixie Highway, 4th Floor
                         Coral Gables, FL 33133
                         Telephone: (305) 469-5881
                         *Attorney for Plaintiff and the Proposed Class*